Memorandum. The order of the Appellate Division should be modified.
The agreement between the parties for the sale by Tishman of all the stock of its subsidiary Tracco included explicit provision that the proceeds of pending claims for refunds of real property taxes for any period prior to December 31, 1967 were to go to Tishman. No provision was made with respect to tax refund proceedings for subsequent years, although at the time the agreement was signed proceedings were pending as to the 1968 assessment and it may be inferred that challenges to assessments in the years following were then in prospect. We agree with the Appellate Division that in the undisputed circumstances disclosed in this record, the parties must be deemed to have intended, by their failure to include any provision to the contrary, that the proceeds of tax refunds with respect to years subsequent to December 31, 1967 would go in natural course to the legal owner of such claims, Tracco, and thus inure to the benefit of Tracco’s stockholders. This disposition would have no material bearing, or indeed relevance, to the obligations of Tishman under its cash-flow guarantee with respect to the years 1968 through 1971. Indeed it would appear that the receipt of the proceeds of refund claims for 1968 and subsequent years in normal expectation would not have been received until after the expiration of the cash-flow guarantee. Thus, we conclude that under the agreement of the partieá\Tishman is not entitled to receive the proceeds of the tax refunds for the years 1968, 1969, 1970 and 1971.
On the issue as to which the purchasers appeal, we conclude that on the undisputed facts, the Appellate Division was in *428 error. As already noted the parties agreed that "Tishman shall have the right to control and receive the proceeds from all real estate and personal property tax, claims for refunds pending or which shall be pending for any period prior to December 31, 1967.” We conclude that the entitlement of Tishman under this provision was to the net proceeds of such refund claims after the deduction of attorney’s fees. Tishman had retained the attorney to prosecute the refund claims in question and had agreed that he should receive 25% of the amount of the refund as compensation for his professional services. As between sophisticated real estate operators we can only interpret the agreement that Tishman was to "have the right to control” the refund proceedings, and thus to determine the extent of legal services to be rendered, and to "receive the proceeds from all real estate and personal property tax, claims for refunds”, rather than to receive the refunds, as intended to give Tishman the right which the legal owner of tax refund claims would normally have, namely, the right to the net benefit of the prosecution of the refund claims. We find nothing to suggest that it was intended that the purchasers assume responsibility for payment of the legal fees to be charged the seller.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur.
Order modified, with costs to plaintiffs, in accordance with the memorandum herein and, as so modified, affirmed.